## WERT v. POTTS *et al.*

Tort: COMMON PURPOSE OF SEVERAL : UNLAWFUL ACT OF ONE : LIABILITY. Where several parties are lawfully engaged in a common purpose (making an arrest in this case) and one of them, in furtherance of the common purpose, but without the concurrence of the others, commits a tort, the others are not liable therefor.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FILED, JANUARY 23, 1889,

ACTION to recover for injuries resulting from a wound by a pistol ball inflicted by defendants while attempting to arrest another. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*Spurrier & Blackman*, for appellants.

No appearance for appellee.

BECK, J.—I. The defendants, in addition to a general denial of the petition, pleaded the following among other special defenses: "(4) In relation to the matters and times referred to in plaintiff's petition, the defendants say and aver the truth to be that they were legally attempting to arrest one John Harty for criminal offense, upon a warrant for the arrest of said Harty, issued by one Miller, and delivered to defendant G. W. Potts, an acting constable of Saylor township, Polk county, Iowa,—said Miller being then an acting justice of the peace of said township, and defendant Hamilton being then and there assisting said Potts in making such arrest under the command and directions of said Potts as constable; that the said Harty resisted such arrest, and assaulted defendants with a base-ball bat, while one Thomas McCall assisted in said resistance by shooting at said defendant Hamilton with a revolver; that defendants, Potts and Hamilton, used only such force as was necessary to protect themselves from great bodily injury at the hands of Harty and his confederate; that they did not fire revolvers recklessly or carelessly; and that any injury received by plaintiff at the hands of the defendants, if he received any, was through his own fault and carelessness." There was evidence tending to support the allegations of the petition and of the answer.

The district court gave the following, among other, instructions to the jury: "It is not claimed in this action that the plaintiff, Edward Wert, was in any way connected or concerned in the attempted arrest of John Harty by the defendants, and the wound inflicted upon him by defendants, if it was so inflicted, was the result of accident. So the liability of defendants depends solely upon whether the defendants acted rightfully, in attempting to make the arrest of said Harty, and whether or not the force used by them in making said arrest was an unlawful force, and whether said wound

was inflicted by either of the defendants. When two or more act together in the furtherance of a common purpose, each is liable for the acts of the other, done in the furtherance of a common purpose. It appears that defendants were acting in the common purpose of arresting John Harty, and are equally liable, or not liable, in this action."

II. These instructions are clearly erroneous. Where two or more are acting lawfully together, in the furtherance of a common lawful purpose, one is not liable for the unlawful act of another, done in furtherance of the common purpose, without his concurrence. The rule would probably be different, if the common purpose be unlawful. The facts presented by the pleadings and evidence illustrate the rule, and support its application to this case. The purpose of defendants in the arrest of the offender was lawful. Now, if one or the other of the defendants, without cause or justification, did discharge a pistol at the accused, without the concurrence of the other, with the purpose of aiding in the arrest, the other defendant would not be liable for such unlawful act. Surely, no one is ready to claim that officers and others, acting in concert in making a lawful arrest, are liable for the unlawful act of one of their number, done without their concurrence. Did the rule of the instruction prevail, all engaged in preserving the peace, and enforcing the law by arrest, would be subject to liability for the unlawful act of one over whom they had no control, and in whose unlawful purposes they in no manner shared. The thought of the instruction that the common purpose of arrest made each defendant liable for the unlawful acts of the other is apparently wrong, and doubtless was extremely prejudicial to defendants.

As there is no appearace for plaintiff, we consider no other questions raised by defendants. We refrain, as far as it is possible, from deciding questions not argued, especially in cases where there is not an appearance for both sides. The judgment of the district court is REVERSED.