Argued June 11, 1959, affirmed May 11, 1960

## BACON *v.* HARRIS ET AL
352 P. 2d 472

*Keith D. Skelton,* Eugene, argued the cause for appellant. On the brief were Porter & Skelton, Eugene.

*Windsor Calkins,* Eugene, argued the cause for respondents. On the brief were Calkins and Calkins, Eugene.

Before McAllister, Chief Justice, and Rossman, O'Connell and Crawford, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries sustained by the plaintiff, Shirley P. Bacon, when she fell on a stairway while attending a basketball game in McArthur Court at the University of Oregon in Eugene. The defendants are the Department of Higher Education, the nine directors of the State Board of Higher Education, Dr. O. Meredith Wilson, the President of the University of Oregon, Leo A. Harris, the athletic director of the university and Ted L. Bouck, an employee of the university who, according to the complaint, had direct and personal control and supervision over the ushers, if any, stationed at tunnel 20 at said McArthur Court. The jury returned a verdict in favor of plaintiff for $14,360 and judgment was entered thereon. Thereafter defendants moved for judgment in their favor notwithstanding the verdict. The motion was allowed, the judgment for plaintiff was set aside and a judgment was entered for the defendants. The plaintiff appeals assigning as error the granting of defendants' motion for a judgment n.o.v.

The accident occurred on December 7, 1954, while plaintiff was attending a basketball game between the University of Oregon and Seattle University in Mc-

Arthur Court on the campus at Eugene. Plaintiff attended the game with her husband who paid her admission fee. During the half-time intermission plaintiff started to go downstairs to the refreshment stand. While she was on the stairway she was jostled by a person or persons unknown causing her to fall headlong from near the top of the stairs to the landing at the bottom, resulting in severe personal injuries.

In her complaint plaintiff charges that the defendants, and each of them, were negligent in the following particulars:

"A. In failing to provide, maintain or install handrails on both sides of said stairway in Tunnel 20, said stairway being more than 88 inches in width.

"B. In failing to install, maintain or provide a handrail in the middle of said stairway.

"C. In failing to provide ushers or other personnel to supervise and control the conduct of the said crowd, and especially to prevent running and jostling on said stairway."

The trial court set aside the judgment for plaintiff on the ground that "all of the named defendants were at all material times acting in their respective official capacities, and that there is no evidence of any negligence upon the part of any individual defendant in an individual capacity proximately causing the plaintiff's injuries."

■ Although it is not named as a defendant we think this is, in legal effect, an action against the State Board of Higher Education and will so treat it. See *State ex rel Kleinsorge v. Reid,* 221 Or 558, 352 P2d 466, this day decided.

The plaintiff contends that the State Board of Higher Education, hereinafter called the board, is not

immune from suit because it is a public corporation and that as to such corporations the state has waived its immunity. Plaintiff relies on ORS 30.320 which, when this action was filed, read as follows:

"A suit or action may be maintained against any county and against the State of Oregon by and through and in the name of the State Highway Commission upon a contract made by the county in its corporate character, or made by such commission, after February 28, 1929, and within the scope of its authority, and not otherwise, and an action or suit may be maintained against any other public corporation mentioned in ORS 30.310 in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation."

The other public corporations mentioned in ORS 30.310① are counties, incorporated cities, school districts and other public corporations of like character.

■ The State Board of Higher Education is an agency of the state vested with corporate powers and is a quasi-corporation public in nature. We are satisfied, however, that it is not a public corporation of like character as mentioned in ORS 30.310, namely, counties, incorporated cities and school districts. We have recently held in *James & Yost, Inc. v. State Board of*

---

① ORS 30.310. Actions and suits by governmental units. A suit or action may be maintained by the State of Oregon or any county, incorporated city, school district or other public corporation of like character in this state, in its corporate name, upon a cause of suit or action accruing to it in its corporate character, and not otherwise, in the following cases:

(1) Upon a contract made with the public corporation.

(2) Upon a liability prescribed by law in favor of the public corporation.

(3) To recover a penalty or forfeiture given to the public corporation.

(4) To recover damages for injury to the corporate rights or property of the public corporation.

*Higher Edu.,* 216 Or 598, 340 P2d 577, that the state of Oregon has not waived its immunity as to the State Board of Higher Education.

■ We are also satisfied that under the rule announced in *Antin v. Union High School Dist. No. 2,* 130 Or 461, 280 P 664, the case can not be maintained against the individual defendants. There is no allegation that any of them committed any act of negligence contributing to plaintiff's injuries.

Affirmed.