Argued December 1, affirmed December 21, 1960

# MARCHANT *v.* CLARK
357 P. 2d 541

*James Arthur Powers,* Portland, argued the cause for appellant. With him on the briefs were Martin Howard and Earle P. Skow, Portland.

*James B. Griswold,* Portland, argued the cause for respondent. On the brief were Green, Richardson, Green & Griswold, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell and Howell, Justices.

## HOWELL, J. (Pro Tempore)

Plaintiff brought this action for personal injuries arising out of an accident occurring in Columbia county. The jury returned a verdict for defendant and the trial court, on motion of plaintiff, set aside the judgment and granted a new trial. Defendant appeals.

Plaintiff was a passenger in an automobile that collided with a gravel truck owned by Columbia county. Plaintiff named as defendants the driver of the truck and Columbia county but moved for and received a voluntary nonsuit against the latter.

The plaintiff's motion for a new trial was based upon several grounds. Although the order of the

trial court granting a new trial did not rule on all of the grounds set forth in the motion "if that order ought to be supported on any of the grounds specified in the motion therefor, it should be sustained regardless of the reason, or absence of reason, given by the trial court in the order. *Johnson v. Updegrave,* 186 Or 196, 206 P2d 91; *Zeek v. Bicknell,* 159 Or 167, 78 P2d 620. In considering whether the court erred in granting a new trial, all intendments are in favor of the order of the trial judge." *Robertson v. Coca Cola Bottling Co.,* 195 Or 668, 671, 247 P2d 217.

One of the reasons assigned by plaintiff in her motion for a new trial was that the court erred in giving the following instruction to the jury:

"Now the defendant in his defense by way of justification of his being on the left side of the road which is stated to you, that he was operating his truck at that time in accordance with the instructions of his employer, Columbia County, through its road foreman. I instruct you in that regard the defendant Clark, was an employee of Columbia County, and as such was not in charge of the road improvement then and there being performed by him, and therefore if you find from the evidence in this case that the defendant was instructed by his employer to operate a truck in the manner he was then and there so operating the same at the time of this accident, then such manner of operation would not be the negligence of the defendant Clark, if you should find such manner of operation was negligent. It would be the negligence of his employer, Columbia County, and the supervisor or foreman who was in control of the operation. Therefore, your verdict would have to be for the defendant Clark and against the plaintiff."

Giving this instruction constituted prejudicial error. The court in effect advised the jury that if the

defendant was operating his truck under instructions of his employer, even though negligently, the defendant would not be liable.

■ Neither a state nor an individual can confer upon an agent authority to commit a tort. *Gearin v. Marion County,* 110 Or 390, 223 P 929. A servant is not relieved from liability because he was acting under the direction of his master. *Wood v. Miller,* 158 Or 444, 76 P2d 963; 2 Restatement 753, Agency § 343; 2 Am Jur 256, Agency § 326.

■ In addition to the above error, it is noted that the instruction presumes that the defendant was actually engaged in highway repair at the time of the accident. From reading the transcript we conclude that this question should have been submitted to the jury as a fact for their determination.

The trial court granted a new trial for the reason that both parties and the trial judge (now deceased) who presided were unaware of ORS 483.032 and, consequently, the jury was not instructed concerning the provisions of this statute. Lack of knowledge of this statute also appears to be at least partly responsible for the above instruction.

The pertinent portion of the statute reads:

"(1) The provisions of ORS 483.002 to 483.054, 483.102 to 483.140, 483.202 to 483.230, 483.302 to 483.338, 483.402 to 483.456, 483.538, 483.540, 483.602 to 483.612, 483.616 to 483.620, 483.990 and 483.992 that are applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles owned or operated by the United States, this state or any county, city, district or any other political subdivision of the state, subject to such specific exceptions as are set forth in the motor vehicle laws of this state with reference to authorized emergency vehicles.

"(2) The provisions of the sections above enumerated do not apply to persons, teams, motor vehicles and other equipment while actually engaged in work above, below or upon a street or highway, but shall apply to such persons and vehicles when traveling to or from such work."

As the trial court and the parties are now cognizant of the provisions of this statute, we do not consider it necessary to comment additionally other than to repeat that the question of whether defendant was actually engaged in highway work at the time was a question of fact for the jury.

The other grounds set forth in plaintiff's motion for a new trial are without merit.

Affirmed.