Argued May 12, affirmed in part, reversed in part
October 22, 1969

HALE, *Respondent, v.* SMITH et al,
*Appellants.*
460 P2d 351

*Lynne W. McNutt,* Coos Bay, argued the cause for appellants. With him on the brief were McNutt, Gant & Ormsbee, Coos Bay.

*Arthur C. Johnson,* Eugene, argued the cause for respondent. On the brief were Johnson, Johnson & Harrang and Leslie M. Swanson and James W. Korth, Eugene.

DENECKE, J.

The plaintiff received wounds when he was shot by the defendant Smith, an officer on the police force of the defendant city, Coos Bay. In a damage action the plaintiff recovered a verdict against both defendants and they appeal. This all occurred before the Oregon Tort Claims Act, ORS 30.260 et seq., was effective.

One Whitman, a mentally deranged person, climbed into the cab of plaintiff's log truck and forced plaintiff, at gunpoint, to drive him through Coos Bay. The defendant Smith pursued the truck and plaintiff was shot in the chase.

The defendants contend that the trial court erred in admitting evidence of prior consistent statements by the plaintiff.

A material and contested issue was whether or not Whitman's rifle was pointed out of the window at the defendant Smith when Smith fired. Plaintiff said it was not; that it was inside the cab pointed by Whitman at plaintiff's right ear. Smith testified to the contrary and said he fired at the driver's (plaintiff's) arm in the belief that he, the officer, was in danger. Another city police officer testified that about an hour after the shooting, when the officer was questioning plaintiff at the hospital, plaintiff said he grabbed the rifle from Whitman and stuck it out of the driver's window. Plaintiff denied making such a statement.

In rebuttal plaintiff asked a state police officer who also had questioned plaintiff at the hospital on the day of the accident what the plaintiff had said concerning the rifle. Over objection, this witness stated that plaintiff said he did not grab the rifle until after the defendant Smith had started shooting. This is the evidence defendant contends is inadmissible.

The principle that is stated as "the general rule" is that prior consistent statements are inadmissible. *State v. Mims,* 36 Or 315, 318, 61 P 888 (1900), and *State v. Houghton,* 45 Or 110, 113-114, 75 P 887 (1904), state this as "the general rule." *Maeder Steel Products Co. v. Zanello,* 109 Or 562, 577-578, 220 P 155 (1924), reaffirms this but states an exception: if the " 'witness has been assailed on the ground that his story is a recent fabrication, or that he has some motive for testifying falsely,' " prior consistent statements are admissible. 109 Or at 578.

In *State v. Herrera,* 236 Or 1, 7, 386 P2d 448 (1963), a neighbor was permitted to testify that a six-year-old son of the defendant, some time after the death of Frankie, had told her, "Daddy jumped on Frankie." We commented:

> "* * * [T]he defendant did attack the child's credibility as a witness by insinuating that the child had been coached by a deputy district attorney. Reasonable latitude in rebuttal would have allowed the state then to use the neighbor's testimony to meet the defendant's attempts to show that the child as a witness was telling a recently contrived story. (The fact that the child had told the same story before would thus tend to prove, not the truth of the story, but only that the story was not the product of coaching.) * * *." 236 Or at 8.

In view of this evolution of the rule in this state, we consider this to be an appropriate time to restate the rule.

■ We hold that when testimony of prior inconsistent statements has been introduced to impeach a witness and the witness denies making such prior inconsistent statements, the party calling the witness may offer testimony of prior consistent statements by the witness. It seems to us to be obvious that the prior consistent statements have relevancy upon the issue of whether or not the witness actually did make the alleged prior inconsistent statements. McCormick states the preferred rule to be: "If the attacked witness denies the making of the inconsistent statement then the evidence of consistent statements near the time of the alleged inconsistent one, is relevant to fortify his denial." McCormick, Evidence, 108 (1954). *Accord, United States v. Corry,* 183 F2d 155, 157 (2d Cir 1950); 4 Wigmore, Evidence, 197 § 1126 (3d ed 1940). See Annotation, "Admissibility, for purpose of supporting impeached witness, of prior statement by him consistent with his testimony," 75 ALR2d 909, 930-935 (1961).

■ The ruling allowing the testimony of prior consistent statements was correct.

The defendant officer alleged as a defense that he was justified in shooting because he was acting in self-defense, was attempting to arrest a felon, and was attempting to rescue plaintiff. To support these allegations, defendant's counsel asked officer Smith various questions seeking to elicit answers that the officer thought a gun was being pointed at him by the deranged person whom he believed to be the driver. Plaintiff's objections to most of these questions were sustained and defendants claim this is error.

 A party's state of mind is relevant when a plea akin to self-defense is in issue and generally the witness can testify to his state of mind. Officer Smith was asked who the driver of the log truck appeared to be, but his answer was not responsive and was stricken for that reason and the question was not repeated. Smith was also allowed to testify that he believed the person pointing the rifle at him was going to shoot him. The defendants could properly have sought to expand this portion of Smith's testimony and attempted to do so, but the form of the questions could reasonably be considered by the trial court to be objectionable. For example, Smith was asked, "When the gun came out of the window, what was your assumption?" Counsel may have used "assumption" in the sense of "belief," but that is not the ordinary meaning of the word and in ruling upon objections to questions the trial court can consider that words are intended to have their ordinary meaning.

 Defendants contend that the court erred in basing their liability upon negligence rather than upon a higher degree of culpability, reckless disregard of the rights of others or wanton conduct. The defendant police officer contends that other public officers are protected against personal liability and permitting police officers to be held personally liable for mere negligence could result in poor performance by police officers. This court has adopted negligence as a basis of liability. *Askay v. Maloney,* 85 Or 333, 338-339, 166 P 29 (1917), 92 Or 566, 579-580, 179 P 899 (1919); *Anderson v. Maloney,* 111 Or 84, 225 P 318 (1924).

The defendant City of Coos Bay moved for a directed verdict upon the ground that it could not be held liable because it was a governmental body and, therefore, was immune. The motion was denied.

The defense of governmental immunity was not pleaded. We have held, however, that if the defendant government is immune from suit, the court has no jurisdiction to enter a judgment against it.

In *Kern Land Co. v. Lake County,* 232 Or 405, 375 P2d 817 (1962), the county permitted default judgments to be entered against it in suits to quiet title. We held that the default decrees were void because the county was immune from suit.

■ Immunity being a matter of jurisdiction, it is not necessary to plead it in order to advance it as a defense.

■ The principal contention of the plaintiff is that the city is not entitled to be shielded by governmental immunity because it has purchased liability insurance with limits in excess of the amount claimed. In addition, the plaintiff points out that the insurer of the city agreed that it would not deny liability to an injured party upon the ground that the city was immune unless the city requested the insurer to raise such defense. It is admitted that no such request was made. However, the city, acting through its attorney, who is also the attorney for the insurer, is now asserting immunity as a defense.

Plaintiff's position is that under the circumstances above stated the city is only a nominal defendant which can suffer no financial loss and, therefore, sovereign immunity cannot be invoked as it will inure solely to the benefit of the insurer who was paid a premium to pay losses.

The Idaho court in *Pigg v. Brockman,* 79 Idaho 233, 314 P2d 609 (1957), followed such reasoning. The difficulty is that, at least by inference, we rejected this reasoning in *Vendrell v. School District*

*No. 26C*, 226 Or 263, 360 P2d 282 (1961). In *Vendrell* we held that ORS 332.180, authorizing school districts to procure liability insurance, was a "general law" waiving sovereign immunity, and, therefore, Art IV, § 24, of the Oregon Constitution was satisfied. Art IV, § 24, provides:

> "Provision may be made by general law, for bringing suit against the State, as to all liabilities originating after, or existing at the time of the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed."

The logical inference of *Vendrell* is that the fact that the government defendant has liability insurance is not a good ground for holding that the defendant can be successfully sued and has lost its governmental immunity. Immunity can only be lifted by enactment of a "general law." In the instant case there is no "general law," i.e., there is no statute expressly authorizing cities to purchase liability insurance covering the city.[1]

Plaintiff cites in support of his argument statements from *Taylor v. Knox County Board of Education*, 292 Ky 767, 167 SW2d 700, 145 ALR 1333 (1942), which we cited with approval in *Vendrell*. In *Vendrell*, however, we quoted that part of the *Taylor* decision which held that the legislature had evidenced its intent to lift governmental immunity by enacting legislation permitting the school to obtain liability insurance. This principle does not support plaintiff's position in this case.

---

[1] ORS 243.110, now repealed, authorized cities to purchase liability insurance to protect its officers and employees but not the municipal corporation itself.

■ Our decisions have not clearly specified that the immunity of municipal corporations is based upon Art IV, § 24, as is the immunity of school districts, counties and the state. This must necessarily be true, however, as there is no rational ground for holding that a school district or county is the "state" as that word is used in § 24, but a municipal corporation is not the "state."

■ The plaintiff's argument suggests that the plaintiff is a third party beneficiary of the insurance contract between the city and its insurer. That theory cannot be raised in the necessary orderly fashion in this action because the alleged promisor, the insurer, is not a party.

The trial court erred in denying the city's motion for a directed verdict. The judgment is affirmed as to the defendant Smith and reversed as to the defendant City of Coos Bay.