Argued and submitted April 17, resubmitted In Banc August 5, reversed and remanded December 9, 1992, Krieger's petition for reconsideration and Just's petition for reconsideration denied March 17, both petitions for review allowed April 20, 1993 (316 Or 142)

# David KRIEGER,
*Appellant,*

*v.*

# Valva Doree JUST,
*Respondent.*

## (CV90-122; CA A69602)

843 P2d 473

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Gregory B. Snook, Portland, argued the cause for respondent. On the brief were G. Kenneth Shiroishi, Joseph P. Shannon and Dunn, Carney, Allen, Higgins & Tongue, Portland.

BUTTLER, J.

Reversed and remanded.

## BUTTLER, J.

Plaintiff filed this action on April 12, 1990, for damages that he incurred as a result of the collision of his vehicle and one driven by defendant. The accident occurred at 10 a.m. on May 2, 1988, in front of a public elementary school of which defendant is the principal. Defendant interposed as an affirmative defense that she was a public employee acting in the course and scope of her employment at the time of the accident and that plaintiff did not file a timely notice of his claim with the school district that employs defendant. ORS 30.275. In his reply, plaintiff denied that defendant was acting in the course and scope of her employment at the time of the accident, but after defendant's deposition was taken, it was developed that defendant was so acting. Defendant then moved for summary judgment. The trial court granted that motion, and plaintiff appeals from the resulting judgment. We reverse.

Although plaintiff does not now dispute that defendant was acting within the course and scope of her employment at the time of the accident, he argues that he is suing her for her negligence as a driver, not for any conduct more specifically related to her work. Therefore, he argues, neither the notice provision nor anything else in the Oregon Tort Claims Act (OTCA) is applicable to the case. Defendant takes the contrary view and relies on the express language of OTCA.

At the relevant time, ORS 30.265(1) provided, in part, that every "public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties." ORS 30.275(1) provided:

> "No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of a claim is given as required by this section."

ORS 30.275(2) required a notice to be given to the public employer within 180 days of the loss or injury and, under ORS 30.285(1), every public employer was required to defend and indemnify its employees for any tort claim "arising out of an * * * act or omission occurring in the performance of duty."

Plaintiff argues that his action is against defendant, not her employer, and that the quoted statutes,

> "when read together, appear to apply only to situations where the injured party is seeking compensation from the public body, or is otherwise seeking to establish the liability of the employee in his public capacity. The statute[s] would not appear to apply to situations such as here, where the tortious act of the employee, although technically within the course and scope of employment, has no relationship to her official duties *vis-a-vis the injured party*.
>
> "* * * * *
>
> "The liability of the Defendant in this case rests on her general duties as a driver, and is unrelated to her status as an employee of the School District. No claim has been made against the District. The Defendant's private carrier is defending the claim and providing indemnity. The notice provisions of the Tort Claims Act are inapplicable." (Emphasis plaintiff's.)

Plaintiff relies on legislative history. Defendant responds that there is no ambiguity in the statutes to be resolved by legislative history or other extrinsic tools of construction. We agree with defendant. The relevant statutes are clear: Public bodies are amenable to action and are required to defend and indemnify for tort claims against employees "acting within the scope of their employment or duties," and claimants are required to provide the public body with a notice of claim as a prerequisite to bringing an action "arising from any act or omission of a[n] * * * employee * * * of a public body within the scope of" OTCA. ORS 30.275(1) did not make the notice requirement dependent on whether the public body was joined with its employee as a defendant. *See Smith v. Pernoll*, 291 Or 67, 628 P2d 729 (1981).

Plaintiff's attempt to distinguish defendant's role as a driver and "her official duties" is unpersuasive. She was driving from her regular work location to a meeting place where she was to perform a work activity. As noted, plaintiff does not contend that defendant was *not* acting within the course and scope of her employment. His use of the modifier "technically" does not alter that fact. Plaintiff is not aided, with respect to the notice requirement, by his point that, from his standpoint, defendant was engaging in an activity that he perceived as more private than public. OTCA allows for no

distinction of that kind. It applies to all claims for negligent conduct by public employees acting within the course and scope of their employment. Plaintiff was required to give the statutory notice.[1]

■■■■    Plaintiff argues next that, in any event, there is a question of fact as to whether he reasonably should have discovered that defendant was acting within the course and scope of her employment before he took her deposition in December, 1990, after this action was filed and two and one-half years after the accident. By that time, the school district had actual knowledge of the action. Therefore, he concludes, summary judgment was improper, because there is a jury question as to whether the notice period was tolled by the discovery rule. *See Stephens v. Bohlman*, 314 Or 344, 838 P2d 600 (1992); *Adams v. Oregon State Police*, 289 Or 233, 611 P2d 1153 (1980). We review the record in the light most favorable to plaintiff, against whom summary judgment is sought. *Whitaker v. Bank of Newport*, 313 Or 450, 836 P2d 695 (1992).

Within a short time after the accident, plaintiff knew that defendant was employed at the school; that the accident had occurred in front of the school; that the accident was caused by defendant's making a u-turn into plaintiff's path while she was leaving her parking place near the school; and that the accident occurred during regular school hours. He contends, however, that he had no reason to believe that she was driving on school business rather than on an errand of her own. Defendant's affirmative defense alleging defendant's status was filed May 31, 1990, and for the first time alerted plaintiff that OTCA might be applicable. Although defendant asserted the defense of no notice, her insurer did not tender defense of the action to the public body until August, 1990, over two months after filing the answer.

---

[1] Although plaintiff states that, because defendant's insurer is defending this action, OTCA is not applicable, he does not rely on, or even cite, ORS 30.287. Arguably, that statute might be applicable if it were clear, which it is not, that defendant's insurer has accepted its obligation to pay any judgment against defendant without seeking indemnity from the public body. The public body rejected the insurer's tender of the defense, apparently because it believed that defendant's insurance policy covered the public body. The record does not resolve that question.

Neither does plaintiff raise a constitutional question.

Defendant did not move for summary judgment until after her deposition was taken on December 10, 1990.

We believe that a reasonable juror could find that, despite the exercise of reasonable diligence, plaintiff did not discover until defendant's deposition was taken that she was traveling on school business at the time of the accident. Because there is a genuine issue of material fact, it was error to grant defendant's motion for summary judgment. *Peterson v. Mult. Co. Sch. Dist. No. 1*, 64 Or App 81, 668 P2d 385, *rev den* 295 Or 773 (1983).

Reversed and remanded.

**WARREN, J.,** specially concurring.

I agree with the majority's result but differ with its analysis.

The majority holds that plaintiff's failure to give a formal notice of claim under ORS 30.275(3)(a) to defendant's school district within 180 days after the injury is a jurisdictional bar to his action.[1] I disagree, because I do not believe ORS 30.275 applies to a tort action against an individual public employee, even if the employee commits the tort while acting in the scope of the employment.

Before 1967, public bodies were immune from tort liability. *Bacon v. Harris*, 221 Or 553, 352 P2d 472 (1960). Public employees were not immune, however, unless the liability arose from the performance of "discretionary functions." *Jarrett v. Wills*, 235 Or 51, 56, 383 P2d 995 (1963); *see also* ORS 30.265(3)(c). If a public employee was performing a nondiscretionary act, the employee was not immune, even if liability was incurred in the course of employment. *Ogle v. Billick*, 253 Or 92, 95, 453 P2d 677 (1969); *Marchant v. Clark*, 225 Or 273, 275, 357 P2d 541 (1960); *see also Anderson v. Maloney*, 111 Or 84, 225 P 318 (1924).

When OTCA was enacted in 1967, it was not intended to restrict *in any way* "the common law liability of public employees arising from nondiscretionary acts." *Smith*

---

[1] The majority also holds that a genuine issue of material fact exists as to whether the 180-day notice was tolled by the discovery rule. If ORS 30.275 were applicable, I would not quarrel with that holding. Because it is not, we should not address the issue.

*v. Pernoll*, 291 Or 67, 70, 628 P2d 729 (1981). The 1967 act then prescribed a notice requirement for persons who claimed damages from public bodies only. 291 Or at 70; Or Laws 1967, ch 627, § 5. That notice requirement was retained in the 1975 amendment to ORS 30.275. However, in 1975, the legislature also added to ORS 30.275 the language that "claims against * * * a state officer, employee or agent acting within the scope of his employment or duties shall be presented to the Attorney General." 291 Or at 72; Or Laws 1975, ch 609, § 14. In *Smith v. Pernoll*, 45 Or App 395, 608 P2d 590 (1980), we read that language to require a notice of claim as a prerequisite to an action against a state employee acting in the scope of employment. The Supreme Court rejected that conclusion. It held that, under the 1975 amendment, the notice requirement was not intended as a condition precedent to liability of individual state employees. Rather, it was a 1977 amendment that "made it clear that if a claim for damages is to be made against any 'officer, employe or agent of a public body acting within the scope of his employment or duties,' notice of claim must be given to the public body." Or Laws 1977, ch 823, § 3.[2] *Smith v. Pernoll, supra*, 291 Or at 72; *see also Bradford v. Davis*, 290 Or 855, 862, 626 P2d 1376 (1981); *Brungardt v. Barton*, 69 Or App 440, 685 P2d 1021 (1984); *Balzhiser v. Hiser*, 53 Or App 27, 630 P2d 902 (1981).

In 1981, ORS 30.275(1) was again amended to read:

"No action arising from any act or omission of a public body or an officer, employee or agent of a public body *within the scope of ORS 30.260 to 30.300* shall be maintained unless notice of a claim is given as required by this section." Or Laws 1981, ch 350, § 1. (Emphasis supplied.)

This case concerns the construction of that amendment, which is also the current version of ORS 30.275(1). The question is whether ORS 30.275(1) prescribes a notice requirement as a prerequisite to a tort action *against an*

---

[2] Oregon Laws 1977, chapter 823, section 3, provided, in part:

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice * * *."

*individual public employee* acting in the scope of employment. Although the statute is not clear on its face, the majority concludes that the relevant provisions of OTCA are clear that notice is required. The majority is wrong, however, because it fails to read ORS 30.275(1) in its context.

This court's task in interpreting a statute is to discern the intent of the legislature. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). We begin with the text and the context. ORS 174.010; *Porter v. Hill*, 314 Or 86, 91, 838 P2d 45 (1992). Other sections of the same statute are part of that context. 314 Or at 91. If there is a conflict among provisions of the same statute, it is the court's duty to harmonize them, if possible. *Kankkonen v. Hendrickson*, 232 Or 49, 67, 374 P2d 393 (1962). The context of ORS 30.275(1) informs us of legislative intent that a notice of claim is *not* required as a prerequisite to a tort action against an individual public employee, even if the employee acts in the scope of employment.

ORS 30.275(1) makes an "action arising from any act or omission of a public body or an officer, employee or agent of a public body" subject to the jurisdictional notice requirement. However, the word "action" is grammatically qualified by the phrase "within the scope of ORS 30.260 to 30.300." That means that only an action that arises from an act or omission of a public employee *and* that is in the scope of OTCA is subject to the jurisdictional notice requirement. The question then is whether an action against an individual public employee for tort occurring in the scope of employment is covered by OTCA, ORS 30.260 to ORS 30.300. It is not.

*Former* ORS 30.265(1),[3] the provision governing the scope of OTCA, provided, in part:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the

---

[3] Because the injury occurred on May 2, 1988, this case is governed by the 1987 version of ORS 30.265. Or Laws, ch 705, § 7. In 1991, the legislature again amended ORS 30.265, making a "cause of action for any tort of officers, employees or agents of public body acting within the scope of their employment or duties" exclusively an action against the public body. Or Laws 1991, ch 861, § 1. It is not clear what impact, if any, that amendment will have on the interpretation of ORS 30.275(1).

scope of their employment or duties, whether arising out of a governmental or proprietary function * * *."

When that provision was enacted in 1967, it was intended to undo the doctrine that "the King Can Do No Wrong," thus making *public bodies* amendable to action, with certain exceptions. *Bradford v. Davis, supra,* 290 Or at 861; *Dowers Farms v. Lake County,* 288 Or 669, 680, 607 P2d 1361 (1981); *see also* Lansing, "The King Can Do Wrong! The Oregon Tort Claims Act," 47 Or L Rev 357, 359 (1968). To accord public bodies special protection, the legislature nonetheless prescribed a notice requirement, which, "as such, is a vestige of the former doctrine of governmental immunity." *Adams v. Oregon State Police,* 289 Or 233, 238, 611 P2d 1153 (1980). As discussed above, a public employee who was not exercising a discretionary function traditionally did not enjoy governmental immunity, even if the employee committed a tort while acting in the scope of employment. OTCA could not have waived an immunity that did not exist. Consequently, a tort action against an individual public employee, even for damages occurring in the scope of employment, falls outside the scope of ORS 30.265, and the jurisdictional notice requirement prescribed by ORS 30.275 does not apply.[4]

The only other statutes that the majority cites to support its holding that notice is jurisdictionally required are ORS 30.285 and ORS 30.287, which require public bodies to defend and indemnify for tort claims against employees "arising out of an alleged act or omission occurring in the performance of duty."[5] It may be that, as the majority assumes, a

---

[4] For the same reason, I also believe that the two-year statute of limitations in ORS 30.275(8) does not apply to this case. As to the damage limitations in ORS 30.270, the statute appears clear that they apply to public officers, employers and agents "acting within the scope of their employment or duties." *See Rogers v. Saylor,* 306 Or 267, 273, 760 P2d 232 (1988). The limitations as applied to individual public employees, however, may present an Article I, section 20, problem. Because the damage limitation issue is not presented in this case, we need not decide it.

[5] To the extent that a public body is required to defend, ORS 30.287(5) appears to have created an exception, which I believe is applicable when, as here, defendant's own insurer is defending her. Moreover, the school district's duty to indemnify does not relieve defendant's insurer of liability, because the insurer's policy insured not only defendant but also the school district as an "other person or organization * * * with respect to his or its liability because of acts or omissions of [defendant]." *See Calif. Cas. Ins. v. David Douglas School Dist.,* 71 Or App 549, 693 P2d 54 (1984), *on recon* 74 Or App 270, 702 P2d 1115, *rev den* 300 Or 249 (1985). By using the public body's duty to indemnify as a rationale to justify the notice requirement in this case,

public body's duty to defend and indemnify is not triggered without statutory notice. However, it does not necessarily follow that the legislature intended notice to be a jurisdictional requirement for an action against a public employee.

Relying on *Smith v. Pernoll, supra,* the majority also apparently assumes that the 1981 amendment to ORS 30.275 retains the notice requirement as applied to individual public employees. That assumption ignores the important changes made in 1981. Unlike its 1977 counterpart, the 1981 amendment identifies only the source of an action that is subject to the notice requirement. It does *not* state whether that requirement is also to be applied to an action against an individual public employee. It also deleted the phrase "within the scope of employment or duties" in the 1977 amendment. We should not assume that the legislature made those changes for no purpose. Indeed, the lesson to be learned from *Pernoll* is that, when the legislature failed to specify whether a tort claim against an individual public employee is also subject to the jurisdictional notice requirement, we should not insert what we believe the legislature *might* have intended. *See also Bradford v. Davis, supra,* 290 Or at 863. That is especially true when we interpret OTCA to be remedial legislation, "allowing all citizens to seek redress for any tort committed by their governments," rather than limiting their common law remedies. *See Rogers v. Saylor,* 306 Or 267, 272, 760 P2d 232 (1988); *Bradford v. Davis, supra,* 290 Or at 861; *Adams v. Oregon State Police, supra,* 289 Or at 238; *Dowers Farms v. Lake County, supra,* 288 Or at 680. Had the legislature, in 1981, intended to impose the notice requirement as it did in 1977, it should have clearly said so. It did not, and we should not assume that it did.

Assuming that the text and context of ORS 30.275(1) are not clear on the legislative intent in 1981, although I believe that they are, we should resort to legislative history to find it, rather than simply assuming it, as the majority does. *See Boone v. Wright,* 314 Or 135, 138, 836 P2d 727 (1992). The current version of ORS 30.275 was adopted as a result of the passage of Senate Bill 86 in 1981. The Oregon State Bar

---

the majority may have inadvertently relieved defendant's own insurer from liability or at least precluded it from becoming defendant's primary insurer.

proposed that bill to abolish the notice requirement completely, because it had been subject to abuse by certain public bodies and their insurance carriers. Minutes, Senate Committee on Justice, January 20, 1981, Exhibit A. That proposal, however, encountered strong opposition from the Oregon Department of Justice and various cities and counties. Minutes, Senate Committee on Justice, January 20, 1981, Exhibit G; February 10, 1981, Exhibit J. The opponents of the bill argued that the notice requirement served an important purpose by giving the public body an opportunity for prompt remedial action. Minutes, Senate Committee on Justice, February 10, 1981, Exhibit F, pp 3-4.

After extensive hearings and testimony before the Senate, proponents and opponents of the bill finally compromised and accepted a version of the amendment proposed by the City of Salem. Tape Recording, Senate Committee on Justice, April 30, 1981, Tape 154, Side B. The main feature of that amendment is the actual notice provision now contained in ORS 30.275(3)(b),(6). Another noticeable change is the completely rewritten version of ORS 30.275(1). Minutes, Senate Committee on Justice, April 30, 1991, Exhibit G. However, when the City of Salem's version was adopted, no discussion was offered as to why ORS 30.275(1) was rewritten as it was, although clearly the change was a compromise reached by both sides to Senate Bill 86. Minutes, Senate Committee on Justice, May 7, 1981, Exhibit C, pp 1-2. The inconclusive legislative history does not support the majority's assumption that the 1981 legislature intended to retain the jurisdictional notice requirement as applied to an action against individual public employees.[6]

Although the 1977 amendment to ORS 30.275 was clear that a tort claim against a public employee acting in the scope of employment was subject to the jurisdictional notice requirement, the legislative history of that amendment indicated that the notice requirement perhaps was not intended to be applied as broadly as the language appeared to suggest. After HB 3106 was passed in the House, in a June 17, 1977, Senate Judiciary Committee hearing, then Senator Wallace

---

[6] To the contrary, we should assume, from the fact that the amendment of ORS 30.275(1) was a compromise, that the legislature intended to abolish the notice requirement as applied to individual public employees.

Carson expressed concern over the 180-day notice provision as it applied to someone injured in an auto accident by a public employee operating his private vehicle in the scope of employment. Carson commented that, if the injured party, not knowing defendant's status as a public employee, sued the public employee in his individual capacity, he would be barred if the notice was not given timely. Then Multnomah County counsel George Joseph responded:

"I don't believe it quite works that way. * * * But I take [in that] you and I would agree that any time an individual is sued, he has his own liability independent of his status as an employee or servant, whatever that is. Your employee is someone I can sue * * *, it is not a matter of defense for you to say that you were an agent of the State of Oregon or Franz Bakery or whatever. It's your individual liability. It is only in those situations where one is seeking to attach liability through the individual to the government agency that the scope of employment becomes important. I do not believe the example you put would come up. I don't believe the individual could come in and say, 'Ha, ha, ha, I was an agent and you didn't give notice.' In order to make the statute applicable, the complaint, if you will, will have to assert that there was an action within the scope of employment. The problem we're concerned with, of course, is not that the individual is sued in his individual capacity * * *. We are concerned only about those situations where the claim is made against that individual in his capacity as an agent. And in those cases, we're saying if you sue us, the county, you have to give us notice. If you are trying to get us as principal through our agent, you also should give us notice." Minutes, Senate Judiciary Committee, June 17, 1977, p 9, Tape 45, Side 2.

Joseph said that that would be true even if the public employee who was sued had a right to demand his public employer to defend and then a right to ask for indemnification. He also said that, although the notice provision would not apply to an action against an individual employee, the damage limitations of OTCA would, although he had serious doubt as to the constitutionality of those limitations. Tape recording, Senate Judiciary Committee, June 24, 1977, Tape 45, Side 2.

I do not mean that that colloquy on the 180-day notice requirement is conclusive of what the legislature intended in 1977 or in 1981. I point it out merely to illustrate

one point: By holding that notice is jurisdictionally required in this case, the majority may have inadvertently eliminated a cause of action available at common law without the express legislative authorization.

There is another problem lurking in the majority's opinion. Interpreting ORS 30.275(1) as mandating notice as prerequisite to a tort action against an individual public employee acting in the scope of employment implicates the equal privileges and immunities guarantee of Article I, section 20, of the Oregon Constitution. In *Hale v. Port of Portland,* 308 Or 508, 783 P2d 506 (1989), a plaintiff sued the City of Portland and the Port of Portland under OTCA, raising an Article I, section 20, challenge to the constitutionality of the damage limitations of public bodies imposed by ORS 30.270(1). 308 Or at 511. He argued that a classification was created between "victims of governmental torts" and those of "private torts." The Supreme Court rejected that challenge, concluding that "victims of governmental inflicted torts" are not "a class" for purposes of Article I, section 20, analysis:

> "The class of 'victims governmental torts' exists as a separate class from that of victims of private torts only *because such a classification is inherent in a system which, like the OTCA, continues partial sovereign immunity.* The classification is not based on personal or social characteristics of asserted 'class.' There is no violation of Article I, section 20, on this theory." 308 Or at 525. (Emphasis supplied.)

In *Van Wormer v. City of Salem,* 309 Or 404, 788 P2d 443 (1990), a plaintiff sued the City of Salem and a city officer for wrongful death, challenging the two-year statute of limitations of ORS 30.275(8) as violative of Article I, section 20. She claimed that ORS 30.275(8) and 30.020(1) unconstitutionally classified differentially between those with wrongful death claims against governmental bodies and those with wrongful death claims against everyone else. The Supreme Court, applying the rationale offered in *Hale,* again rejected that challenge. 309 Or at 408.

In both *Hale* and *Van Wormer,* the classifications existed because of the governmental immunity partially retained by OTCA. The legislature could have chosen to waive the immunity entirely or partially, or not at all. This case is

different. There is no question but that the majority's interpretation of ORS 30.275(1) would create a classification differentiating between tort victims of governmental employees and tort victims of private actors. The classification exists, not because it is inherent in OTCA that continues partial sovereign immunity, but merely because the statutes arbitrarily favor defendants who are public employees over other private defendants.[7] That kind of governmental favoritism, just like the government's granting certain business people a privilege of catching or transporting certain crabs while denying it to others, is exactly what Article I, section 20, was originally designed to prevent. *See State v. Savage*, 96 Or 53, 60, 184 P 567 (1920) (cited in *Hale v. City of Portland, supra*, 308 Or at 525). As a matter of statutory construction, we should endeavor, if it is reasonably possible, to interpret a statute to avoid any potential constitutional problem. *See Salem College & Academy, Inc. v. Emp. Div.*, 298 Or 471, 481, 695 P2d 25 (1985); *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 687 P2d 785 (1984). The majority has failed to do just that.

I would reverse the summary judgment on the ground that ORS 30.275 does not apply to this action.

Joseph, C. J., joins in this specially concurring opinion.

---

[7] Of course, if plaintiff had sought damages from the school district through defendant, it may be argued that the jurisdictional notice requirement is reasonably related to the partial sovereign immunity that OTCA retains with respect to public bodies. However, plaintiff made no claim against the school district. Consequently, sovereign immunity would have no bearing on the notice requirement, if it were to be applied to defendant, who was sued in her individual capacity.