Argued and submitted November 2, 1989, the decision of the Court of Appeals affirmed and the judgment of the circuit court affirmed March 6, 1990

VAN WORMER,
*Petitioner on Review,*

*v.*

CITY OF SALEM et al,
*Respondents on Review.*

(TC 87-C-11334; CA A47630; SC S36156)

788 P2d 443

J. Michael Alexander of Burt, Swanson, Lathen, Alexander & McCann, Salem, argued the cause and filed the petition on behalf of petitioner on review.

William Blair, Assistant City Attorney, Salem, argued the cause on behalf of respondents on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

GILLETTE, J.

** Linde, J., retired January 31, 1990.

## GILLETTE, J.

The issue in this wrongful death case is whether ORS 30.275(8),[1] the two-year statute of limitations for claims against public bodies and their agents, is constitutional in light of the general three-year wrongful death statute of limitations contained in ORS 30.020(1).[2] In particular, we must decide whether Article I, section 20, of the Oregon Constitution[3] is violated by treating victims of government-inflicted wrongful deaths differently from all other wrongful death victims.[4] The trial court, relying on the two-year limitation

---

[1] ORS 30.275(8) provides:

"Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

[2] ORS 30.020(1) provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

[3] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

In her petition to this court, plaintiff does not specify a constitutional provision of either the state or federal constitutions. In her brief to the Court of Appeals, she relied both on Article I, section 20, and on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which provides:

"No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

None of plaintiff's arguments purport to distinguish analytically between the two provisions. Although our analysis in this opinion relies on our own Article I, section 20 jurisprudence, we conclude that the same result obtains under the Fourteenth Amendment.

[4] Plaintiff also claims that ORS 30.275(8) violates the Fourteenth Amendment of the United States Constitution, but that issue was not raised before the trial court and is not separately argued in plaintiff's brief so we do not analyze the federal issue separately. In declining to address the federal constitutional issue, we do not intimate that it necessarily would be resolved differently than would the claim under the Oregon Constitution. *See Nored v. Blehm,* 743 F2d 1386 (9th Cir 1984) (upholding the constitutionality of ORS 30.275(8) under the Equal Protection Clause of the Fourteenth Amendment).

period in ORS 30.275(8), granted summary judgment to defendants. The Court of Appeals upheld the constitutionality of ORS 30.275(8) as applied in this case. *Van Wormer v. City of Salem,* 96 Or App 107, 771 P2d 653 (1989). We affirm.

## FACTS

For the purposes of this appeal, the facts are those established in connection with the motion for summary judgment. On August 31, 1984, the decedent, 16-year-old Brian D. Dixon, was killed by defendant Clement Spenner, a police officer of defendant City of Salem (the City). According to the complaint, Spenner negligently and recklessly shot Dixon while acting as an on-duty uniformed officer within the scope of his employment with the City.

Plaintiff Dorothy Van Wormer, the personal representative of Dixon's estate, filed a timely notice of claim under the Oregon Tort Claims Act. She later filed a civil action on July 10, 1987 — more than two (but less than three) years after the shooting. Defendants moved for summary judgment on the ground that the claim was not timely filed.[5] As noted, the circuit court agreed, granted the motion, and dismissed the action. The Court of Appeals affirmed in a *per curiam* opinion citing, *inter alia,* its decision in *Hale v. Port of Portland,* 89 Or App 209, 748 P2d 161 (1988), *aff'd* 308 Or 508, 783 P2d 506 (1989). We allowed plaintiff's petition for review in order to address the important issue involved.

## ANALYSIS

A close examination of plaintiff's contentions[6] shows that the statute of limitation in ORS 30.275(8) is not itself directly under attack in this case; rather, the attack focuses on the *difference* between the statute of limitation applicable to a public body and that which applies to all other wrongful death defendants, *i.e.,* the difference between ORS 30.275(8) and

---

[5] Defendants also sought summary judgment by pleading *res judicata* as an affirmative defense based upon a jury verdict in favor of defendant Spenner in plaintiff's earlier federal 42 USC § 1983 action. The trial court resolved the summary judgment motion based upon the statute of limitation and did not resolve the *res judicata* issue. The *res judicata* issue is not before us and we do not consider it.

[6] Plaintiff's arguments concerning the constitutionality of the two-year statute of limitation do not purport to distinguish analytically between the City and the individual police officer. We therefore consider the cases of the two defendants together.

30.020(1). This difference, plaintiff argues, improperly extends to governmental tortfeasors a privilege or immunity that is not, on the same terms, available to all citizens. To put it another way, plaintiff claims that ORS 30.275(8) and 30.020(1), when read together, unconstitutionally create two distinct classes of tort victims, *viz.*, those with wrongful death claims against governmental bodies and those with wrongful death claims against everyone else.[7] Plaintiff is correct that such a distinction emerges from these statutes. However, there is nothing unconstitutional about the distinction.

Recently, in *Hale v. Port of Portland,* 308 Or 508, 783 P2d 506 (1989), we considered whether "victims of governmental inflicted torts" were "a class" for purposes of Article I, section 20, analysis. We determined that they did not constitute such a class. 308 Or at 525. We further stated:

> "The class of 'victims of governmental torts' exists as a separate class from that of victims of private torts only because such a classification is inherent in a system which, like the [Oregon Torts Claims Act], continues partial sovereign immunity. The classification is not based on personal or social characteristics of the asserted 'class.' There is no violation of Article I, section 20, on this theory."

*Id.*

That same reasoning applies equally here: Those persons who have suffered a governmentally-inflicted wrongful death are merely a subset of those who have suffered wrongful death at the hands of tortfeasors generally. The subset exists only because the statutory scheme of which it is a part exists. The subset is not based on any *ad hominem* characteristic, such as race, sex or religious affiliation, of the subset's members. There is no reason for this court to treat the subset differently in the constitutional analysis. *Hale v. Port of Portland, supra; cf. Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 567-68, 652 P2d 318 (1982) (Oregon Constitution

---

[7] A problem exists because Brian Dixon is dead and thus, arguably is no longer "a citizen" or a member of "a class of citizens" under Article I, section 20. The action has been initiated by the personal representative of Dixon's estate, Dorothy Van Wormer, on behalf of the estate. Obviously, Van Wormer is a citizen protected by Article I, section 20, although the estate may not be. In any case, neither party raises this issue so we will assume without deciding that the right to initiate wrongful death actions is protected under Article I, section 20, from discrimination based upon characteristics of the decedent.

Article I, section 20, not violated because law permits recovery on behalf of a child for wrongful death of a parent but not for wrongful injury short of death, although child may be equally deprived of parent's society and companionship in either case).

Plaintiff alternatively argues that, even if the legislature can justify some discrimination in favor of governmental bodies in a wrongful death action, "all of the possible justifications for the discriminatory statute of limitations of the Oregon Torts Claims Act were satisfied by the notice of claim filed by decedent's personal representative." This argument presupposes that this court has some role, beyond the Article I, section 20 analysis already set forth, in examining the propriety or desirability of particular pieces of legislation that arguably create "classes." But we do not have such a role. Plaintiff is inviting this court to substitute its judgment for that of the legislature. We decline the invitation.[8]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[8] Declining plaintiff's invitation does not mean that, were we instead to accept the invitation, we necessarily would have a problem with the statute. Although an early notice of claim does indeed serve many useful purposes, it does not accomplish every legitimate function of a statute of limitation. Even if an early notice of claim requirement did adequately accomplish the same goals as a two-year government statute of limitation, the legislature is under no obligation to adopt one requirement over the other. When faced with two constitutionally permissible methods of accomplishing legitimate governmental purposes, the legislature is free to choose either or both methods. It is not the prerogative of this court to substitute its judgment for that of the legislature in such areas.