In re the Guardianship of Aleta Alongi, a Minor Protected Person.

James R. YOUNG
and Joyce Young,
*Respondents,*

*v.*

Carol ALONGI,
*Appellant.*

(51-92-00624; CA A75684)

In the Matter of the Application of
Carol Alongi for Writ of Habeas Corpus.

Carol ALONGI,
*Appellant,*

*v.*

James and Joyce YOUNG,
*Respondents.*

(16-92-01441; CA A75632)

858 P2d 1339

Tom Steenson, Michael Schumann and Steenson & Schumann, Portland, for petition.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

DURHAM, J.

## DURHAM, J.

This is a consolidated appeal of guardianship and *habeas corpus* proceedings in which appellant[1] seeks to recover custody of her child and objects to the appointment of respondents as "permanent guardians"[2] of the child. She petitions for review of our orders denying her motions for court-appointed counsel on her appeals and for a state-paid transcript. We treat her petition as one for reconsideration, ORAP 9.15, allow the petition, and allow her motions, in part.

Appellant contends that the state affords appointed counsel and a state-paid transcript to similarly situated indigent parents who appeal juvenile court orders that terminate or significantly interfere with parental rights and custody. She relies on *Zockert v. Fanning*, 310 Or 514, 800 P2d 773 (1990), and Article I, section 20, of the Oregon Constitution, which provides:

"No law shall be passed granting to any citizen or class of citizens privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

The record before us consists of appellant's motion, her affidavit describing her indigency, the court's guardianship judgments filed on May 28, 1992, establishing guardianship and dismissing the petition for writ of *habeas corpus*, and an order for child support and visitation filed on October 30, 1992. We take the facts from the court's guardianship judgment and support order.

Respondents petitioned for appointment as guardians of appellant's daughter, Aleta Alongi. ORS 126.070(2). The record does not explain whether any court had modified appellant's custody over the child before the petition was filed. Appellant, who was represented by counsel, objected to the petition and asked that she be appointed as guardian if the

---

[1] Appellant is objector in the guardianship proceeding and plaintiff in the habeas corpus proceeding. Respondents are plaintiffs in the guardianship proceeding and defendants in the habeas corpus proceeding.

[2] Although the court appointed respondents as "permanent guardians," the term "permanent" in this context is a misnomer. A guardian may petition for permission to resign. In addition, the court may grant a petition to remove a guardian if the best interests of the ward require that. ORS 126.095(1). We assume that the court used the term "permanent" to distinguish this appointment from its earlier appointment of respondents as temporary guardians under ORS 126.070(3).

court determined that the child needed one. The court appointed respondents as temporary guardians on January 27, 1992, held hearings and, on May 28, 1992, entered its findings and judgment. The court found that the child's father was in default, had failed to support the child and had had little contact with her for many years. The court found that appellant had abused the child, that the child was in need of protection, that appellant was not fit to be the guardian, that respondents were qualified and that their appointment would serve the child's best interests. The court denied appellant's objections and her request to be appointed as guardian, and appointed respondents as guardians.[3] The judgment made no provision for visitation by appellant but recited that respondents "have not kept the minor, Aleta Alongi, from communicating or contracting [*sic*] her mother, but are respecting the desires of Aleta Alongi." The court ordered appellant to deliver the child's personal belongings to respondents' attorney. On October 30, 1992, the court ordered appellant to contribute to the child's support and awarded her "reasonable and seasonable visitation" with the child.

In her motions to this court, appellant, acting *pro se*, sought appointment of counsel and a state-paid transcript, arguing that the judgment effectively terminated her parental rights. Her affidavit confirms that she is indigent. We denied the motions. In her petition for review, she says that she is unable to afford counsel on appeal and has retained her present counsel for the limited purpose of seeking review of her entitlement to court-appointed counsel and a state-paid transcript. She contends that the state affords those privileges to parents facing termination of parental rights or other long-term disruptions of the parent-child relationship by the juvenile court and that Article I, section 20, obligates the state to grant her the same privileges in a guardianship proceeding under ORS 126.070.

We first determine whether appellant has a right, through a non-constitutional source, to the privileges she

---

[3] The court also entered a judgment dismissing the *habeas corpus* petition. Appellant makes no claim that she has a different right to court-appointed appellate counsel or a state-paid transcript in her appeal of that judgment, and we do not address that question.

claims. *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 564, 687 P2d 785 (1984). The controlling statutes, ORS 126.060 to ORS 126.095, and case law are silent regarding the right of an indigent parent to appointed counsel on appeal or a state-paid transcript in this context.[4] We turn to appellant's constitutional claim.

The court has authority to appoint a guardian if that will serve the welfare and best interests of the minor. ORS 126.070(2) provides:

> "If the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given and the welfare and best interests of the minor will be served by the requested appointment, the court shall make the appointment. In other cases the court may dismiss the proceedings or make any other disposition of the matter that will best serve the interests of the minor."

Appointment of a guardian has serious consequences, because it may deprive the natural parent of the right to the child's custody and to control her associations and upbringing. *See Bryant v. Dukehart*, 106 Or 359, 373, 210 P 454 (1923). "Guardianship actions can significantly affect custodial rights." *Gribkoff v. Bedford*, 76 Or App 695, 698, 711 P2d 176 (1985). The powers of a guardian are equal to those of a parent in custody of a child. ORS 126.080(1) provides, in part:

> "A guardian of a minor has the powers and responsibilities of a parent who has not been deprived of custody of the minor and unemancipated child * * *."

It cannot be gainsaid that a natural parent who participates in a guardianship proceeding regarding her child faces a substantial possibility of the loss, or a long-term deprivation, of custody and a significant interruption of the parent-child relationship.

The juvenile court has authority to make similar significant interventions in parent-child relationships for the

---

[4] ORS 126.070(4) authorizes the court to appoint counsel for the minor:

"If, at any time in the proceeding, the court determines that the interests of the minor are or may be inadequately represented, it may appoint an attorney to represent the minor, giving consideration to the preference of the minor if the minor is 14 years of age or older."

best interest and welfare of children. We cite several examples. ORS 419.507(1) provides, in part:

"A child found to be within the jurisdiction of the court as provided in ORS 419.476(1), may be made a ward of the court."

The juvenile court may exercise broad authority to protect a child within its jurisdiction by, for example, depriving the parents of physical custody, restricting child visitation and controlling the child's associations, occupation and activities. ORS 419.507(1)(a). The juvenile court may grant guardianship of the child to Children's Services Division, or some suitable person or entity. ORS 419.511(4). The person, agency or institution appointed as guardian by the juvenile court has all the duties and authority of a guardian. ORS 419.521(1). The juvenile court also may terminate the parental rights of a parent of a child within its jurisdiction. ORS 419.523.

Unlike an indigent parent facing a guardianship under ORS 126.070, an indigent parent facing the juvenile court procedures discussed above has a statutory right, under specified conditions, to court-appointed counsel in the hearing.[5] A parent adversely affected by a juvenile court final order may appeal, ORS 419.561(1), and, if indigent, is entitled to appointed counsel on appeal. ORS 419.563 provides, in part:

"(1) If the child, parent or guardian is shown to be without sufficient financial means to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the case to represent the person in an appeal as provided in ORS 419.561, the court, upon request of the person or upon its own motion, shall appoint suitable counsel to represent the person. Counsel appointed by the court shall be paid compensation determined by the appellate court as provided in ORS 135.055 if the circuit court is the appellate court or as provided in ORS 138.500 if the Court of Appeals or Supreme Court is the appellate court.

---

[5] ORS 419.498(2)(d) requires appointment of counsel for an eligible parent or legal guardian "whenever the nature of the proceedings and due process so require," and specifies factors for the court's consideration in making that determination. ORS 419.525(2) entitles an indigent parent to appointed counsel upon request in a parental rights termination proceeding. *See also State ex rel Juv. Dept. v. Grannis*, 67 Or App 565, 572, 680 P2d 660 (1984).

"* * * * *

"(3) Where the court appoints counsel and the child, parent or guardian is without sufficient financial means to employ counsel, the compensation for counsel and costs and expenses necessary to the appeal shall be allowed and paid as provided in ORS 135.055 if the circuit court is the appellate court or as provided in ORS 138.500 if the Court of Appeals or Supreme Court is the appellate court."

Appellant is incorrect in contending that the appointment of a guardian for her child pursuant to ORS 126.070 is identical to a termination of parental rights under ORS 419.523. A guardianship deprives the parent of custody but does not deprive the parent of parental rights. However, that distinction is not controlling here. To an indigent parent facing a guardianship proceeding that will interrupt her custody over her child for a lengthy period, it matters little whether the court is proceeding under ORS 126.070 or under the juvenile court's authority in ORS 419.507. In each case, the same standard — the child's best interest — controls the court's decisionmaking. We can discern no relevant distinction between the two statutory schemes on which the legislature could or did base a policy choice to provide court-appointed counsel to indigent parents appealing a guardianship order under ORS 419.561 and ORS 419.563, but to deny that privilege to a similarly situated parent appealing a guardianship order under ORS 126.070. The persons who receive that disparate treatment are identifiable by their personal characteristic of parenthood, not by statutory descriptors that identify those persons who are entitled to receive the claimed privilege. *Sealey v. Hicks*, 309 Or 387, 397, 788 P2d 435, *cert den* 498 US 819 (1990).

The Supreme Court considered a similar issue in *Zockert v. Fanning, supra*, 310 Or at 519, where an indigent parent claimed a right to state-paid counsel in a private adoption proceeding. He argued that the proceeding would terminate his parental right and that the state afforded counsel to indigent parents facing termination of parental rights in juvenile court proceedings under ORS 419.525(2). The court agreed that the legislature's decision to grant appointed counsel in one setting, while denying the same privilege in the other, violated Article I, section 20:

"There is no question that giving an indigent parent an opportunity to receive assistance of appointed counsel to protect parental rights is a 'privilege' within the meaning of the Article I, section 20 guarantee.

"That a person's parental rights are challenged in an ORS chapter 419 [termination] proceeding, as opposed to an ORS chapter 109 [adoption] proceeding, is of no practical consequence to that parent. The challenge is the same in both proceedings — a challenge to presently enjoyed parental rights." 310 Or at 521.

The court found no evidence that the denial of the right to counsel was supported by a policy choice, "because no policy choice was made." 310 Or at 523. The court said:

"[P]arents are identifiable, apart from any statute, by their personal characteristics as such. * * * Parenthood, a personal characteristic, identifies each and every one. Parents are entitled to be treated upon the same terms, equally, under Article I, section 20.

"* * * The legislative grant of the opportunity for a parent to benefit from the privilege of assistance by counsel in one mode of termination of parental rights requires that the opportunity to exercise that privilege be extended to all similarly situated parents directly threatened with permanent loss of parental rights." 310 Or at 523.

The court chose to extend the privilege to the indigent father, because

"[w]here an impermissible classification is utilized by the legislature, we have decided in favor of equalizing privileges. *Employment Div. v. Rogue Valley Youth for Christ*, [307 Or 490, 497, 770 P2d 588 (1989); *State ex rel [Adult and Family Ser. v.] Bradley*, [295 Or 216, 666 P2d 249 (1983)]; *Hewitt v. SAIF*, [294 Or 33, 653 P2d 970 (1982)]." 310 Or at 524.

■ We are persuaded by *Zockert v. Fanning, supra,* that Article I, section 20, requires the state to extend to appellant the same privilege of assistance of appointed counsel on appeal that it extends to an indigent parent appealing a final order of guardianship by a juvenile court. ORS 419.563(3). We allow that part of her motions.

■ However, we deny appellant's motions, with leave to renew, for a state-paid transcript on appeal. We cannot say, on the present record, that the expense of a transcript is

necessary to her appeals. An indigent parent appealing under ORS 419.561 must make a showing that state-paid expenses are necessarily incurred. ORS 419.563(3). If appellant intends to make arguments on appeal that require the preparation of a transcript, she can support her claim that the transcript is a necessary expense in a separate motion.

Reconsideration allowed; orders dated July 30, 1992, withdrawn; motions for appointment of counsel on appeal allowed; motions for a state-paid transcript denied, with leave to renew.