Argued and submitted April 7, affirmed November 3, 1993, reconsideration denied
January 26, petition for review allowed March 22, 1994 (318 Or 478)

Gary NEHER,
Personal Representative of the
Estate of Julie Neher, Deceased,
*Appellant,*

*v.*

Larry Lee CHARTIER
and Tri-County Metropolitan Transportation
District of Oregon, a municipal corporation,
doing business under the
assumed business name of Tri-Met,
*Respondents.*

(A9112-08001; CA A75617)

862 P2d 1307

Elden M. Rosenthal argued the cause for appellant. With him on the briefs were B. Carlton Grew and Rosenthal & Greene, P.C.

John R. Faust, Jr., argued the cause for respondents. With him on the brief was Schwabe, Williamson & Wyatt.

Before Warren, Presiding Judge, and Edmonds and Leeson, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a judgment dismissing his complaint for wrongful death. We affirm.

Plaintiff is the personal representative of the estate of his adult daughter, who was killed when she was crushed beneath a bus while crossing a street in the course of her employment. The bus was operated by defendant Tri-County Metropolitan Transportation District of Oregon (Tri-Met) and driven by defendant Chartier, Tri-Met's employee. Plaintiff claims that defendants were negligent in various particulars. He gave timely notice of the claim under the Oregon Tort Claims Act (OTCA). ORS 30.260 *et seq.* Defendants moved for judgment on the pleadings, ORCP 21B, on the basis of immunity under ORS 30.265(3)(a), for claims covered by workers' compensation. The trial court granted the motion.[1] Plaintiff makes two assignments of error, both relating to the ruling on that motion.

This case involves the interaction of the wrongful death statute, the OTCA and the workers' compensation statutes. The wrongful death statute, ORS 30.020, allows the personal representative of the estate to maintain an action against an alleged tortfeasor, for the benefit of the decedent's legal heirs, if the decedent could have maintained an action had she lived. A claim against a governmental body such as Tri-Met is limited by ORS 30.265, which provides for immunity of the public body and its officers, employees and agents who are acting within the scope of their employment, for any claim for death of a person covered by any workers' compensation law. ORS 30.265(3)(a). Finally, under ORS 656.204, workers' compensation death benefits are limited to $3,000 for burial expenses if the decedent is an adult over 21 years old who has no spouse, children or other dependents. Defendants do not challenge plaintiff's assertion that, as a result of

---

[1] In his first assignment, plaintiff appears also to challenge what he asserts is the granting of Chartier's separate motion to dismiss, which was based on ORS 30.265(1). The motion for judgment on the pleadings, made by both defendants, was based on ORS 30.265(3). That is the motion on which the court ruled and the basis on which it dismissed the complaint. The court did not rule on Chartier's separate motion to dismiss. Furthermore, the provisions of ORS 30.265(1) that plaintiff asserts are unconstitutional were not in effect until after the date alleged in the complaint as the date of decedent's death. *See* Or Laws 1991, ch 861, § 1. Accordingly, we will not consider plaintiff's challenge to ORS 30.265(1).

the interaction of those statutes, the total compensation for plaintiff's daughter's death is $3,000.

■     ORS 30.265 provides, in part:

"(3)  Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a)  Any claim for injury to or death of any person covered by any workers' compensation law."

Plaintiff first argues that that statute violates Article I, section 10, of the Oregon Constitution, which provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Plaintiff asserts that the immunity provided to public bodies and their employees by ORS 30.265(3)(a) denies him a remedy for decedent's death. He acknowledges the rule that the legislature may alter or abolish a cause of action,

"so long as the party injured is not left entirely without a remedy. Under those cases, the remedy need not be precisely of the same type or extent; it is enough that the remedy is a substantial one." *Hale v. Port of Portland*, 308 Or 508, 523, 783 P2d 506 (1989).

However, he relies primarily on the concurrence in *Hale*, in which Judge Linde said:

"[T]he court has allowed legislative immunization of cities from tort liability only on condition that the individuals who are personally responsible for harm qualifying as a legal injury remain liable. *Batdorff v. Oregon City*, 53 Or 402, 100 P 937 (1909); *Mattson v. Astoria*, 39 Or 577, 65 P 1066 (1901)." 308 Or at 530.

Because, under the workers' compensation scheme, the only payment provided for the death of plaintiff's daughter is $3,000 burial expenses, ORS 656.204(1), plaintiff argues that the immunity granted by ORS 30.265(3)(a) essentially deprives him of any substantial remedy.

Defendants counter that the protection of Article I, section 10, applies only to rights established at common law, *see Stewart v. Houk et al.*, 127 Or 589, 271 P 998, 272 P 893 (1928), and that wrongful death is a statutory, not a common law, remedy. They argue that, because the right to recover for the death of another did not exist at common law when the

Oregon Constitution was adopted, the legislature can limit or eliminate entirely the cause of action. Even applying the *Hale* substantial remedy standard, defendants argue that the workers' compensation system provides an alternative, albeit different, remedy for the death of plaintiff's decedent. Plaintiff replies first that *Stewart* is no longer authoritative, having been implicitly overruled by *Perozzi v. Ganiere*, 149 Or 330, 40 P2d 1009 (1935), and that, even if Article I, section 10, protects only rights recognized at common law in 1859, an action for wrongful death was one of those rights.

◼   We need not decide whether Article I, section 10, applies only to protect rights that existed at common law at the time of the adoption of the Oregon Constitution or, if that is true, whether an action for wrongful death was recognized as a common law right. Even assuming that Article I, section 10, applies to plaintiff's claim, his argument fails. Under the analysis set out by the majority of the court in *Hale*, a legislative alteration of a cause of action is permissible, as long as the injured party is "not left entirely without a remedy. * * * [T]he remedy need not be precisely of the same type or extent; it is enough that the remedy is a substantial one." 308 Or at 523.[2] We are not unaware of plaintiff's claim that $3,000 in burial costs is little remedy for the loss of his daughter's life. However, we cannot say that the substitution of that remedy under the workers' compensation system for any remedies he would otherwise have had against Tri-Met or its driver, is a complete denial of a substantial remedy. As the court said in *Hale*:

> "This may not be what plaintiff wants. It may not even be what this court, if it were in the business of making substantive law on this subject, would choose to enact. But it is within the legislature's authority to enact in spite of the limitations of Oregon Constitution, Article I, section 10." 308 Or at 523.

◼   Plaintiff next argues that ORS 30.265(3)(a) violates Article I, section 20, by granting immunity to officers, employees and agents of public bodies. Section 20 provides:

---

[2] Even *Mattson v. Astoria, supra,* cited by Judge Linde in his concurrence, recognizes that a remedy may be changed or substituted, so long as the injured person is not denied a remedy entirely. 39 Or at 580. Here, there is a remedy under the workers' compensation system.

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Plaintiff makes two separate challenges under that section: that the statute unconstitutionally denies to nondependent parents the privilege of recovering for the wrongful death of a child killed by the employee of a public body, and that it unconstitutionally grants an immunity to a class of citizens, employees of public bodies, that is not equally available to all employees.

Defendants make three threshold arguments. They first assert that plaintiff's argument that employees of a public body constitute a class under Article I, section 20, was not made to the trial court and that, therefore, it was not preserved for appeal. Even assuming that the specific argument had to be raised, *see State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), the argument was preserved. Plaintiff made the argument in his memorandum in response to Chartier's motion to dismiss. Although the trial court did not specifically rule on that motion, the argument was presented, and we will address it.

■     Second, they argue that the estate, of which plaintiff is the personal representative, is not a citizen entitled to invoke the protections of Article I, section 20. *See Van Wormer v. City of Salem*, 309 Or 404, 408 n 7, 788 P2d 443 (1990). Finally, they argue that plaintiff cannot make out a constitutional violation, because he has not alleged that he has suffered harm because of the denial of a privilege or immunity that is granted to others.

■     We need not decide whether an estate may invoke the protection of Article I, section 20, or whether plaintiff needs to show harm from the denial to him of the privilege or immunity that he challenges, because, in any event, there is no Article I, section 20, violation by ORS 30.265(3)(a). Section 20 prohibits the government from providing special treatment to favored individuals or classes of citizens. *Hale v. Port of Portland, supra*, 308 Or at 524-25.[3] That prohibition

---

[3] We share plaintiff's frustration in attempting to discern the correct analysis for Article I, section 20, challenges. The Supreme Court's opinions have been inconsistent regarding what is a "true class." In *State v. Clark*, 291 Or 231, 240, 630

applies to invalidate the granting of a privilege or immunity to a class of citizens[4] only when the class is a "true class," *i.e.* one defined by characteristics apart from the law, not "by the challenged law itself." *State v. Clark, supra* n 3, 291 Or at 240.

■     Plaintiff argues that, as to the grant of the privilege of recovery of damages for wrongful death by a decedent's estate, the statute is constitutionally infirm because it treats

---

P2d 810, *cert den* 454 US 1084 (1981), the court said that classes are based on personal characteristics that persons or groups have apart from the law itself, such as sex, ethnic background, legitimacy, residency or military service. In *Hale v. Port of Portland, supra*, 308 Or at 525, the court applied a similar standard to hold that a classification of victims of governmental torts is not an identifiable class, because it is not based on "antecedent personal or social characteristics or societal status." However, in *Sealey v. Hicks*, 309 Or 387, 788 P2d 435, *cert den* 498 US 819 (1990), the court held that persons injured by products do constitute a class for purposes of Article I, section 20, because the class exists apart from the statute. *Compare Van Wormer v. City of Salem, supra* (persons who suffered governmentally inflicted wrongful death not true class); *Eckles v. State of Oregon*, 306 Or 380, 387, 760 P2d 846 (1988), *cert dismissed* 490 US 1032 (1989) (" 'classes' of private insurers, insureds and [workers'] compensation] claimants on the one hand, and SAIF insureds and claimants on the other," are not true classes); *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or 543, 652 P2d 318 (1982) (children of disabled parents not a class under Article I, section 20); *with State ex rel Adult & Fam. Ser. v. Bradley*, 295 Or 216, 666 P2d 249 (1983) (illegitimacy is a true class); *Hewitt v. SAIF*, 294 Or 33, 653 P2d 970 (1982) (gender is a true class). The court also has not been clear about what analysis applies if there is a "true class" involved. *Compare Hewitt v. SAIF, supra* (gender classification reviewed for whether it was based on intrinsic differences between the sexes) *with Seto v. Tri-County Metro. Transportation Dist.*, 311 Or 456, 814 P2d 1060 (1991) (geographic classification reviewed for rational basis) *and Hale v. Port of Portland, supra*, 308 Or at 524 (rational basis test "has been superseded"). Further, it is unclear whether there is any judicial scrutiny at all if the class not a "true class," but is created by the statute itself. *See, e.g., Sealey v. Hicks, supra*, 309 Or at 397 (classes "created by the challenged law itself" are "entitled to no special protection and, in fact, are not even considered to be classes for the purposes of Article I, section 20"); *Hale v. Port of Portland, supra*, 308 Or at 525 (victims of governmental torts are not an identifiable class based on personal or social characteristics and, therefore, there is no violation of Article I, section 20); *Eckles v. State of Oregon, supra*, 306 Or at 387 (classes that exist only by virtue of the statute do not violate Article I, section 20); *but see State v. Clark, supra*, 291 Or at 240 (attacks on classes created by the legislative scheme itself have generally been rejected whenever the law leaves it open to anyone to join); *Cole v. Dept. of Rev.*, 294 Or 188, 655 P2d 171 (1982) (law not directed at true class passed Article I, section 20, challenge because the privilege was available upon the same terms equally to all citizens); *Hunter v. State of Oregon*, 306 Or 529, 761 P2d 502 (1988) (grant of post-conviction relief to persons convicted of a state crime but not to persons convicted of a municipal crime is a classification created by the statute itself, but it does not violate Article I, section 20, because the same standard applies to all).

[4] Plaintiff does not argue that the statute grants a privilege or immunity to any individual citizen.

parents of a decedent differently from other wrongful death plaintiffs. *See Zockert v. Fanning*, 310 Or 514, 800 P2d 773 (1990); *Young v. Alongi*, 123 Or App 74, 858 P2d 1339 (1993); *but see Norwest v. Presbyterian Intercommunity Hosp., supra* n 3. We disagree that the classification is based on parenthood. ORS 30.265(3)(a) does not treat parents differently from nonparents. It treats claims for injury or death caused by governmental bodies or their agents differently from claims for injury or death caused by other potential tortfeasors.[5] Thus, plaintiff is in exactly the same situation as were the plaintiffs in *Hale v. Port of Portland, supra*, and *Van Wormer v. City of Salem, supra*. The OTCA classifies those entitled to recover for injuries by who the defendant is. As the court said in *Van Wormer*, the reasoning of *Hale*

> "applies equally here: Those persons who have suffered a governmentally-inflicted wrongful death are merely a subset of those who have suffered wrongful death at the hands of tortfeasors generally. The subset exists only because the statutory scheme of which it is a part exists. The subset is not based on any *ad hominem* characteristic, such as race, sex or religious affiliation, of the subset's members. There is no reason for this court to treat the subset differently in the constitutional analysis. *Hale v. Port of Portland, supra; cf. Norwest v. Presbyterian Intercommunity Hosp.* [*supra* n 3] (Oregon Constitution Article I, section 20, not violated because law permits recovery on behalf of a child for wrongful death of a parent but not for wrongful injury short of death, although child may be equally deprived of parent's society and companionship in either case)." 309 Or at 408.

There is no constitutional violation based on the granting of the privilege to bring a claim only to those persons injured by tortfeasors other than officers, employees or agents of public bodies.

▪ Plaintiff also argues that ORS 30.265(3)(a) is unconstitutional to the extent that it grants an immunity to employees of public bodies, but not to employees of other, nongovernmental employers. That argument fails for the

---

[5] Indeed, the statute applies only if the injury is covered by the Workers' Compensation Law. We rejected an Article I, section 20, challenge to that classification in *Jungen v. State of Oregon*, 94 Or App 101, 764 P2d 938 (1988), *rev den* 307 Or 658, *cert den* 493 US 933 (1989).

same reason that the privileges argument does: The classification, *i.e.*, employees of public bodies, is one created by the statute; it is not a class based on "antecedent personal or social characteristics or societal status." *Hale v. Port of Portland, supra*, 308 Or at 525; *see also, e.g., Van Wormer v. City of Salem, supra; State v. Freeland*, 295 Or 367, 375, 667 P2d 509 (1983).[6] Because the classification is created by the OTCA itself, it is not subject to Article I, section 20, scrutiny.[7]

The trial court did not err in dismissing the claim.

Affirmed.

---

[6] Even if the classification could be cognizable under Article I, section 20, it appears that judicial scrutiny is limited to whether the classification is rational, because the classification is not based on any invidious social category. *See Seto v. Tri-County Metro. Transportation Dist., supra* n 3; *Sealey v. Hicks, supra* n 3; *but see Hale v. Port of Portland, supra*, 308 Or at 524. We cannot say that a legislative choice to extend immunity to government employees whose actions cause injury to persons covered by workers' compensation is irrational, especially in light of the public employer's obligation to indemnify its officers, employees and agents for alleged acts or omissions occurring in the performance of their duties. *See* ORS 30.285(1).

Although the concurrence in *Krieger v. Just*, 117 Or App 64, 76-77, 843 P2d 473 (1992), *rev allowed* 316 Or 142 (1993), argued that the immunity provided to public employees constituted both a "true class" and was arbitrary, the arguments in this case, which are directed specifically at those questions, convince us otherwise. Further, that comment in *Kreiger* was about ORS 30.275(1), which is not at issue in this case.

[7] Plaintiff does not argue that there should be any judicial scrutiny under Article I, section 20, if the classification is created by the statute itself, rather than a class that exists apart from the statute. *See* n 3, *supra*.