Argued and submitted September 24, 1993, reversed February 23, 1994

AG WEST SUPPLY,
Douglas County Farmers Co-op, Full Circle, Inc.,
Tangent, Grange Cooperative Supply Association,
Hood River Supply Association, Mid Columbia Producers,
Morrow County Graingrowers, Nyssa Co-op,
Pendleton Grain Growers, Pratum Co-op Warehouse,
Wallowa County Grain Growers, West Valley Farmers,
Wilco Farmers, Inc., all Oregon cooperative corporations,
D. G. Anderson, Inc., Lakeview Petroleum Distributors,
Oil Products, Inc., Voelz Oil & Land Surveying, Inc.,
all Oregon business corporations,
Cheryl Ann Swarz, D.V.M., Jerry D. Goodson,
Eugene Farmers Co-op
and Carmichael Columbia Oil, Inc.,
*Respondents,*

*v.*

Everett HALL,
Oregon State Fire Marshal,
*Appellant.*

(92C-10301; CA A77538)

869 P2d 383

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

James C. Edmonds argued the cause for respondents. With him on the brief were Edward L. Clark, Jr., and Ben C. Fetherston, Jr.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant, the Oregon State Fire Marshal, appeals a judgment declaring that ORS 480.360 is unconstitutional and enjoining enforcement of that statute and other provisions related to it. We reverse.

Plaintiffs are agricultural cooperatives and corporations that provide cardlock gasoline dispensing services to their members, and individuals who purchase gasoline through cardlock facilities. They brought this action for declaratory and injunctive relief, challenging the 1991 amendments to ORS 480.310 to ORS 480.385, which govern the dispensing of gasoline, as unconstitutional under Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Under the gasoline dispensing laws, only nonretail customers may use cardlock facilities. The 1991 amendments imposed additional restrictions on nonretail customers for access to cardlock facilities, including requiring that they purchase a minimum of 2,400 gallons of Class 1 flammable liquids or diesel fuel per year. ORS 480.345(2); ORS 480.345(6)(a). The amendments also include an exemption from the gallonage requirements:

> "Any person who was a customer of a facility that is issued a license under ORS 480.350 and was a customer on and since June 30, 1991, and who qualifies as a nonretail customer under the provisions of ORS 480.345, shall be exempt from the gallonage requirements set forth in ORS 480.345(2)." ORS 480.360.

The trial court granted plaintiffs' motion for summary judgment in part, declaring that ORS 480.360 violates Article I, section 20, and the Equal Protection Clause, and enjoining enforcement of that statute and of ORS 480.345(2) and (6)(a).

Defendant assigns error to the trial court's granting of the motion for summary judgment and to the remedy that the court fashioned. Because we conclude that the statute is not unconstitutional, we need not address the assignment relating to the remedy.

Defendant asserts that the gallonage exemption[1] does not violate Article I, section 20, which provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

That provision "is a guarantee against unjustified denial of equal privileges or immunities to individual citizens" as well as "against unjustified differentiation among classes of citizens." *State v. Clark*, 291 Or 231, 239, 630 P2d 810, *cert den* 454 US 1084 (1981). At trial, plaintiffs asserted solely that ORS 480.360 is invalid as a class-based privilege. We will not consider plaintiffs' argument, made for the first time on appeal, that ORS 480.360 denies individual plaintiffs equal treatment.

The parties appear to agree that the threshold questions in an analysis of a class-based challenge under Article I, section 20, are whether the law grants a privilege or immunity to a class of citizens and whether that class of citizens is a "true class" cognizable under Article I, section 20. They also agree that the exemption from the gallonage requirement is a privilege that is granted to a defined group of customers. They disagree about whether that statutory grouping constitutes a cognizable class for purposes of Article I, section 20, and whether, if it does, there is a rational basis for the classification.

As we said in *Neher v. Chartier*, 124 Or App 220, 225 n 3, 862 P2d 1307 (1993), the analytical framework for an Article I, section 20, challenge to class legislation is far from clear. However, as we explained in *Neher*, a class that is cognizable under Article I, section 20, is one that is defined by characteristics that exist apart from the law, and not by the challenged law itself. 124 Or App at 226; *State v. Clark, supra,* 291 Or at 240. Those characteristics said to exist apart from the law itself include "antecedent personal or social characteristics or societal status * * *." *Hale v. Port of Portland*, 308 Or 508, 525, 783 P2d 506 (1989).

---

[1] Although the challenge in the trial court was to the gasoline dispensing statutes as a whole, the only issue on appeal is the constitutionality of the exemption from the gallonage requirement.

ORS 480.360 provides an exemption for persons who were customers of a nonretail facility on and since June 30, 1991, and who continue to qualify as nonretail customers under ORS 480.345. Plaintiffs argue that this grouping of persons constitutes a "true class" under Article I, section 20, because the class is closed, *i.e.* a person cannot obtain the privilege offered by the legislature by voluntarily entering the class of persons to whom the privilege is provided. Defendant responds that it is not a closed class, because any person who desired to be a nonretail gasoline user before June 30 could have joined the class. It asserts that, because the requirement of ORS 480.360 that a person be a nonretail user as of June 30 is based on preexisting law, the question should be whether the preexisting law allowed citizens to enter the class.

■ The argument about whether the class is open or closed misses the point of class legislation analysis. If a statutory grouping is one that persons can voluntarily enter at will, as, for example, the classification of "sailors" considered in *In re Oberg*, 21 Or 406, 28 P 130 (1891), that is a category that necessarily is not based on antecedent personal or social characteristics. However, it is apparent that the ability of a person voluntarily to enter a favored group is not the test for whether there is a cognizable class. In *State v. Clark, supra*, for example, which contains the language frequently relied on to support that argument,[2] the defendant had challenged the denial of a preliminary hearing. The court recognized that some defendants received preliminary hearings and others did not. However, it rejected a class legislation challenge to that differential treatment as an example of the circular use of the concept of class:

"[T]hese defendants do not exist as categories or as classes with distinguishing characteristics before and apart from a prosecutor's decision how to charge one, or some, or all defendants. Aside from the manner in which the decision is made, defendants charged under either procedure are 'classes' only as an effect of the dual procedural scheme itself." 291 Or at 243. (Citations omitted.)

---

[2] The court said that attacks on laws that themselves create the distinction "tend to be circular and * * * have generally been rejected whenever the law leaves it open to anyone to bring himself or herself within the favored class on equal terms." 291 Or at 240.

The defendants in *Clark* had no choice about whether they would be charged by information or indictment. Thus, they could not voluntarily avail themselves of the privilege of the preliminary hearing. Under plaintiffs' analysis, that would make the classification one that is cognizable as a "true class" under Article I, section 20; yet, in *Clark*, the court rejected that approach.

■      We return to the fundamental premise that a "true class" is one that is created not by the law itself, but is based on antecedent personal or social characteristics or societal status. The statutory exemption in ORS 480.360 does not make a distinction that fits that definition: The "classification" it creates is not one based on characteristics that exist apart from the law itself; the law itself defines and creates the class by providing a cut off date and requiring continued compliance with other gasoline dispensing laws. Therefore, it is not a class that is cognizable under Article I, section 20. *See Sealey v. Hicks*, 309 Or 387, 397, 788 P2d 435, *cert den* 498 US 819 (1990); *Hale v. Port of Portland, supra*, 308 Or at 525.

Defendant argues that, if legislation does not distinguish based on a class that is cognizable under Article I, section 20, judicial scrutiny of the legislation ends. Plaintiffs do not argue to the contrary and seem to acknowledge that Article I, section 20, review is predicated on there being a "true class." Because there is no true class here, there is no constitutional violation. *See Van Wormer v. City of Salem*, 309 Or 404, 788 P2d 443 (1990) (rejecting any judicial role in reviewing the propriety or desirability of legislation that did not distinguish based on a "true class"); *Sealey v. Hicks, supra*, 309 Or at 397; *Hale v. Port of Portland, supra*, 308 Or at 525; *Eckles v. State of Oregon*, 306 Or 380, 760 P2d 846 (1988), *appeal dismissed* 490 US 1032 (1989).[3]

■      Plaintiffs also assert that ORS 480.360 violates the Equal Protection Clause of the Fourteenth Amendment to

---

[3] Even if we were to hold that the legislation creates a classification that is entitled to scrutiny under Article I, section 20, we agree with the parties that we would review for whether the legislation is rational. *See Seto v. Tri-County Metro. Transportation Dist.*, 311 Or 456, 814 P2d 1060 (1991); *Hale v. Port of Portland, supra*, 308 Or at 524; *but see Neher v. Chartier, supra*, 124 Or App at 225 n 3. For the reasons stated in the equal protection discussion, *infra*, we would conclude that the exemption of ORS 480.360 is rational in the light of the legislative purpose.

the United States Constitution. Defendant does not dispute that the statute is subject to equal protection scrutiny. The parties agree that, because the distinction created by the statute does not implicate a fundamental right or involve a suspect class, ORS 480.360 does not violate Equal Protection Clause if it is rationally related to a legitimate state interest. *New Orleans v. Dukes*, 427 US 297, 303, 96 S Ct 2513, 49 L Ed 2d 511 (1976).

■　Defendant asserts that the legislature rationally could have concluded that exempting existing cardlock users from the new 2,400 gallon purchase requirement would preserve the cardlock dealers' customer base, and therefore allow those dealers to continue to operate and offer fuel in rural areas where fuel might not otherwise be available.[4] Plaintiffs respond with affidavits, which they assert establish that the exemption did not preserve the cardlock dealers' customer base, because the new requirements have resulted in the loss of as much as 50 to 60 percent of their customer base.

Plaintiffs' evidence relates to events that have occurred since the exemption was enacted; that is, it shows the consequences of the legislation. As defendant points out, that raises the question of whether our review for rationality is determined under the facts existing or presumed at the time of enactment of a law or at the time of judicial review. The question, as then Professor Linde has explained it, is whether rationality review is meant to ensure that lawmakers engage in responsible lawmaking, or whether it is meant to ensure that laws continue to serve some legitimate social purpose. Linde, "Due Process of Lawmaking," 55 Neb L Rev 197, 215-22 (1976). If the question is responsible lawmaking, the relevant consideration is the state of the facts at the time the law is enacted. If the question is ongoing rationality of laws, then the relevant consideration is the state of the facts as they exist at the time of judicial review. Under that view, a law that was rational at the time it was

---

[4] Defendant also argues that the legislature may have wanted to avoid interfering with existing contracts between cardlock dealers and their customers, which may have had purchase requirements of less than 2,400 gallons per year. Because we conclude that there is a rational basis for the exemption based on the desire to preserve the customer base, we need not also consider this alternative reason for the exemption.

enacted may become irrational because of changes that have occurred since its enactment. Linde, *supra.*

■■ We conclude that, at least in cases such as this one, where the claim is that the statute was unconstitutional when it was enacted, we review for responsible lawmaking, and the relevant consideration is the state of the facts at the time of enactment. In this case, that means that plaintiffs' affidavits, purporting to show that the legislative choice, in fact, did not accomplish its goal of preserving the customer base, do not assist our review. The question is whether, at the time it enacted ORS 480.360, the legislature rationally could have concluded that the exemption from the gallonage requirement would further the legitimate goal of preserving the existing customer base. It is not for this court to decide whether that legislative choice was the best one, or whether it, in fact, accomplished its goal. But we conclude that the legislature rationally could have concluded that an exemption from the new gallonage requirement for existing cardlock users would help preserve the existing customer base and thereby make it more likely that cardlock dealers could continue to operate.

■■ *Hooper v. Bernalillo County Assessor,* 472 US 612, 105 S Ct 2862, 86 L Ed 2d 487 (1985), on which plaintiffs rely, does not convince us otherwise. In 1983, New Mexico amended a tax exemption for Vietnam veterans to apply only to eligible veterans who were New Mexico residents before May 8, 1976. The plaintiffs, a Vietnam veteran and his wife who had established residence in New Mexico in 1981, challenged the law as a violation of their right to equal protection under the Fourteenth Amendment. The Supreme Court held that the exemption was unconstitutional, because there was no legitimate state interest in granting the exemption to veterans who were New Mexico residents in 1976 and denying it to those who moved to the state later. Even assuming a legitimate state interest, the Court also concluded that the means of accomplishing it was not rationally related to the goal.

That case does not assist plaintiffs. Each law that is challenged on equal protection grounds must stand or fall based on consideration of the individual law in question, including the goal that the legislature sought to accomplish

and the means it chose to accomplish that goal. The only similarity between the New Mexico tax exemption and ORS 480.360 is that both provide cut off dates for the granting of a certain privilege. A statutory distinction, or classification, based on circumstances existing on a certain date are not *per se* unrelated to a legitimate state goal. *See, e.g., New Orleans v. Dukes, supra.* Each distinction must stand or fall depending on its purpose and its relationship to that purpose. Here, we have considered ORS 480.360 and conclude that it is rationally related to a legitimate state interest.

Reversed.